# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LAKE BUENA VISTA VACATION RESORT, L.C.,**

              **Plaintiff,**

**v.**                                         **Case No: 6:12-cv-1680-Orl-31DAB**

**GOTHAM INSURANCE COMPANY,**

              **Defendant.**

_____

## ORDER

This matter comes before the Court on the Motion to Compel (Doc. 46) filed by the Defendant, Gotham Insurance Company ("Gotham"), the response in opposition (Doc. 67) filed by Lake Buena Vista Vacation Resort, L.C. ("LBV"), and the reply (Doc. 73) filed by Gotham. Familiarity with the background of this dispute is assumed.

LBV was awarded a multimillion-dollar judgment against Coastal Title Services, Inc. ("Coastal") in a state court case arising from the failure of a condominium project known as the San Marco Resort, which LBV and Coastal had been cooperating to develop. As part of the judgment, LBV also obtained Coastal's assets, including the right to collect on a liability policy issued to Coastal by Gotham. The policy provides coverage for any sum that Coastal becomes obligated to pay as damages because of "Any act, error or omission of [Coastal] in rendering or failing to render professional services for others as a … [t]itle insurance agent, title abstractor, title searcher, escrow agent or closing agent." LBV contends here that the state court judgment against Coastal resulted from such errors and omissions on the part of Coastal, including

> (a) failing to properly advise [LBV] regarding the proper terms of the Reservation Agreements, Contracts for Sale and Purchase, and escrow agreements, (b) failing to properly supervise Ira Hatch, Jr. ("Ira Hatch"), and )c) failing to advise and warn [LBV] of the risks inherent in permitting Coastal Title to hold such escrow monies.

Complaint at 3.  LBV further alleges that all of these errors and omissions were

> done by, through, or under Ira Hatch and/or Marjorie Hatch, who were at all relevant times acting within the express authority granted to them by Coastal Title.

Marjorie Hatch was the president of Coastal.  Ira Hatch, an attorney, was the vice president of Coastal, and his firm – Hatch & Doty, P.A. -- was also involved with LBV in the development of the San Marco Resort.  After the failure of the San Marco Resort project, Ira Hatch was convicted of stealing deposit money being held in escrow by Coastal.  LBV blames that theft for the failure of the project.  LBV also argues that, as a result of advice from Hatch in his capacity as an attorney, certain reservation and purchase agreements failed to designate Coastal as the title insurance agent for the transaction, and (for reasons not pertinent to this order) this failure prevented LBV from being able to recover from other insurers for Hatch's theft.

On August 2, 2013, LBV produced an 18-page privilege log.  Most of the listed documents were being withheld on the basis of attorney-client privilege.  Gotham seeks to compel LBV to produce all of the listed documents.  Gotham argues, *inter alia*, that LBV has put Hatch's services as an attorney at issue, thereby waiving the attorney-client privilege. In addition, Gotham argues that Gary Saul, an attorney from the Greenberg Traurig firm, testified in the state court case that he drafted the agreements along with Ira Hatch and a representative of LBV.  Gotham contends that, because the policy covers only Coastal, communications involving Gary Saul and his firm should be discoverable to determine the role that he played in drafting the agreements.

Under Florida law, a party may be deemed to have waived a privilege when it bases its claim on matters that would be privileged, the proof of which will necessitate the introduction of

privileged matter into evidence, and then attempts to raise the privilege so as to thwart discovery. *Home Ins. Co. v. Advance Machine Co.* 443 So. 2d 165, 168 (Fla. 1st DCA 1983) (citing *Savino v. Luciano*, 92 So. 2d 817, 819 (Fla. 1957).  In this case, LBV has clearly put its communications with attorney Ira Hatch in issue as well as, at least by implication, its communications with Gary Saul -- at least insofar as those communications relate to the reservation and purchase agreements. However, there are numerous documents listed on the privilege log that do not involve either Ira Hatch or Gary Saul, such as documents withheld on the basis of the accountant-client privilege. Moreover, some of the withheld documents that do involve those attorneys may not have any relevance to the reservation and purchase agreements.  Accordingly, it is hereby

     **ORDERED** that, on or before September 30, 2013, the Plaintiff shall produce for *in camera* review by the undersigned all documents listed on the privilege log involving Ira Hatch, Gary Saul, or their respective firms.  Upon review of those documents, the Court will determine which, if any, should be produced to the Defendant.


     **DONE** and **ORDERED** in Orlando, Florida on September 20, 2013.


                                   **GREGORY A. PRESNELL**
                                **UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Parties